**Travelers Prop. Cas. Co. of Am. v Vema Group, LLC**

2025 NY Slip Op 30093(U)

January 8, 2025

Supreme Court, New York County

Docket Number: Index No. 161411/2019

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ARLENE P. BLUTH**                    PART                    14

                                                      *Justice*

-------------------------------------------------------------------------------X

THE TRAVELERS PROPERTY CASUALTY COMPANY OF
AMERICA, AS SUBROGEE OF WESTSIDE RADIOLOGY
ASSOCIATES PC,MID-ROCKLAND IMAGING PARTNERS
INC.,KEY EQUIPMENT FINANCE, A DIVISION KEY BANK
NATIONAL ASSOCIATION,

                    Plaintiff,

                    - v -

VEMA GROUP, LLC,1790 BROADWAY ASSOCIATES,
LLC,GOODHOPE MANAGEMENT CORP., BROADWAY,
IONIAN MANAGEMENT INC.,NORDSTROM, INC.,JONES
LANG LASALLE AMERICAS, INC.,LIBERTY
CONTRACTING CORP., KETCHAM PUMP COMPANY,
INC.,FIRE SAFETY ALARMS, INC, LLC,CONTROLLED
COMBUSTION CO., INC.,JOHN DOES 1-3,

                    Defendant.

-------------------------------------------------------------------------------X

1790 BROADWAY ASSOCIATES, LLC, GOODHOPE
MANAGEMENT CORP.

                    Plaintiff,

                    -against-

BROADWAY 57TH/58TH RETAIL INVESTOR, LLC, JT
MAGEN & COMPANY, INC., LIBERTY CONTRACTING
CORP., SAFWAY ATLANTIC, LLC, EXCALIBUR GROUP,
LLC, JONES LANG LASALLE, INC., KETCHAM PUMP
COMPANY, INC., FIRE SAFETY ALARMS, INC.,
CONTROLLED COMBUSTION CO., INC., JOHN DOE 1-10,
(BEING FICTITIOUS ENTITIES)

                    Defendant.

-------------------------------------------------------------------------------X

IONIAN MANAGEMENT INC.

                    Plaintiff,

                    -against-

GOODHOPE MANAGEMENT CORP.

| | |
|---|---|
| INDEX NO. | 161411/2019 |
| MOTION DATE | 01/03/2025 |
| MOTION SEQ. NO. | 012 013 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  596092/2020

Second Third-Party
Index No.  595912/2022

**161411/2019   TRAVELERS PROPERTY vs. VEMA GROUP, LLC**                    **Page 1 of 7**
 Motion No.  012 013

1 of 7

Defendant.

------------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 012) 472, 473, 474, 475, 481, 482, 483, 484

were read on this motion to/for                  VACATE/STRIKE - NOTE OF ISSUE       .

The following e-filed documents, listed by NYSCEF document number (Motion 013) 476, 477, 478, 479, 480

were read on this motion to/for                  VACATE/STRIKE - NOTE OF ISSUE       .

Defendant NORDSTROM, INC., Defendant/Third-Party Defendant BROADWAY 57TH/58TH RETAIL INVESTOR, LLC, Defendant/Third-Party Defendant JONES LANG LASALLE AMERICAS, INC., and Third-Party Defendant J.T. MAGEN & COMPANY INC. s/h/a J.T MAGEN & COMPANY, INC. (collectively, "Moving Defendants")'s motion (MS012) to strike the note of issue is granted. Defendant CC Controlled Combustion Co. Inc.'s motion (MS013) to strike the note of issue is granted without opposition.

**Background**

In this subrogation action, this Court issued an order dated November 19, 2024 in which it directed that a note of issue be filed by December 3, 2024 (NYSCEF Doc. No. 453). The Court observed that the parties had ignored a prior Court order that set a November 18, 2024 deadline for the parties to update the Court about the status of discovery (*id*.). When the parties uploaded nothing, the Court assumed that all discovery was completed, particularly because the parties had entered into a stipulation dated March 5, 2024 that set a deadline of August 15, 2024 for all depositions to be completed (NYSCEF Doc. No. 441).

**161411/2019  TRAVELERS PROPERTY vs. VEMA GROUP, LLC**
**Motion No.  012 013**

**Page 2 of 7**

2 of 7

In response to a subsequent letter from counsel for plaintiff in which he stated that all depositions were not completed, the Court noted that the parties could simply finish outstanding depositions by the note of issue deadline or make a proper motion. Rather than simply complete the outstanding discovery, the parties made the instant motions.

In MS012, the Moving Defendants contend that there are two party depositions outstanding, the depositions of third-party defendant Safway Atlantic, LLC ("Safway") and defendant Controlled Combustion Co. They observe that Safway was a subcontractor of defendant JT Magen and that Safway has apparently insisted throughout this case – to other parties but never formally to the Court via a motion - that it is not a proper party and therefore need not produce a witness for a deposition. The Moving Defendants contend that they (as well as defendant Vema Group, LLC) timely filed cross-claims against Safway and so it must sit for a deposition. The Moving Defendants acknowledge that they have not served a notice of deposition on Safway but emphasize that a discovery order from March 6, 2024 stated that depositions would proceed in caption order and Safway is certainly in the caption.

In opposition, Safway admits it appeared in this action by filing its answer to the third-party summons and complaint. However, it argues that the entities that filed the third-party complaint against it (1790 BROADWAY ASSOCIATES, LLC, GOODHOPE MANAGEMENT CORP.) later successfully moved for summary judgment dismissing all claims against them. The decision granting that motion was dated April 27, 2022. Safway concludes, therefore, that all claims against it are moot as the entities that brought Safway into this case are no longer part of this action.

Safway argues that it has repeatedly asserted over the last few years, including after an October 10, 2024 deposition, that its counsel is merely monitoring this case and is no longer a

**161411/2019   TRAVELERS PROPERTY vs. VEMA GROUP, LLC**
**Motion No.  012 013**

**Page 3 of 7**

party to this action. Safway insists that the Moving Defendants continue to assert that they have valid cross-claims against Safway. It claims it was never named as a direct defendant in this action and so the parties do not have jurisdiction over Safway.

In reply, the Moving Defendants emphasize that claims were already asserted against Safway prior to the dismissal of the third-party plaintiffs. The Moving Defendants contend that "Upon information and belief, at the Preliminary Conference, it was determined that it would be more efficient to permit cross-claims to be filed against the third-party defendants instead of separate third-party actions." Apparently, Safway was not at this preliminary conference. They claim they intend to file a separate third-party action against Safway as a precautionary measure but stress that Safway has never moved to dismiss the claims asserted against it.

**Discussion**

As an initial matter, the Court grants the motions to the extent they seek to strike the note of issue as there is clearly outstanding discovery. No party disputes that defendant Controlled Combustion has not yet been deposed despite, of course, a clear Court order setting a deposition deadline in August 2024.

With respect to Safway, the Court observes that the procedural timeline suggests it is a proper party although the Moving Defendants are correct that they should have filed a separate third-party action once the third-party plaintiffs successfully moved for summary judgment. The fact is that the prior judge assigned to this matter dismissed the third-party plaintiffs in a decision dated April 27, 2022 (*see* NYSCEF Doc. No. 338).

However, by that time, multiple parties had already asserted separate claims against Safway (*see* NYSCEF Doc. No. 54 [JT Magen's answer dated February 5, 2021, which asserts claims against Safway]; NYSCEF Doc. No. 92 [Jones Lang Lasalle's answer dated March 30,

**161411/2019   TRAVELERS PROPERTY vs. VEMA GROUP, LLC**
**Motion No.  012 013**

**Page 4 of 7**

4 of 7

[* 4]

2021 in which it asserts claims against Safway]). Because those claims were asserted prior to the grant of the third-party plaintiffs' motion for summary judgment, this Court finds that these claims were not automatically extinguished due that motion. Moreover, the summary judgment decision does not make any findings about the claims against Safway. Plus, as the Moving Defendants point out, they subsequently filed what they called cross-claims against Safway following a preliminary conference in July 2022 (*see e.g.,* NYSCEF Doc. No. 344) and Safway never made a motion to dismiss those claims. Safway also never moved to dismiss these claims.

To be sure, the decision to "be more efficient" by agreeing to permit cross-claims to be filed against Safway instead of following the correct procedure and commencing separate third-party actions did not, in fact, make anything more efficient (Safway was apparently not part of that decision). Instead, it created the procedural mess upon which Safway now rests its opposition. Once the third-party plaintiffs' motion was granted, the remaining parties should have brought third-party complaints against Safway instead of playing fast and loose with CPLR.

However, that procedural misstep is not a basis to now suddenly find that Safway is not a proper party and that neither this Court nor any party has jurisdiction over it. Safway signed many subsequent conference orders as a party to this case (*see e.g.,* NYSCEF Doc. Nos. 350, 358, 386, 396). Safway did not expressly highlight or even mention in any of these orders that it was no longer a party to this case. To assert now, years later, when discovery is almost over, that it is merely monitoring this case is without merit and it is not a tenable position. Safway's participation in these conferences (and apparently at depositions) contradicts its current position that it was no longer a part of this case. Why would Safway continue to participate in this action for more than two years if it thought it was no longer a party to this case?

**161411/2019   TRAVELERS PROPERTY vs. VEMA GROUP, LLC**
**Motion No.  012 013**

**Page 5 of 7**

5 of 7

The answer is obvious—Safway was clearly aware that the Moving Defendants believed their claims against Safway remained and so it kept its counsel participating in this action. Instead of making a motion and asserting that no viable claims remained against it, Safway took a middle way position in which it participated in this case but now refuses appear for a deposition. The Court cannot condone this type of gamesmanship. Cases should be decided on the merits and therefore Safway, who has repeatedly appeared in this case via counsel, must appear for a deposition.

**Summary**

The Court strikes the note of issue but declines to set any dates by which the parties must hold depositions as the parties ignored the Court's last deadline (*see* NYSCEF Doc. No. 441), countless prior discovery orders, as well as deadlines to update the Court about the status of discovery (NYSCEF Doc. No. 449, 453). That is why, after all, this Court set a note of issue deadline: the parties ignored Court orders on numerous occasions. It follows that there is little reason for this Court to set yet another deadline given the prior noncompliance. The Court will set a future note of issue deadline for April 30, 2025.

Accordingly, it is hereby

ORDERED that the motions to strike the note of issue are granted, the note of issue is vacated and the case is stricken from the trial calendar; and it is further

ORDERED that, within 15 days from the entry of this order, movants shall serve a copy of this order with notice of entry on all parties and upon the Clerk of the General Clerk's Office, who is hereby directed to strike the case from the trial calendar and make all required notations thereof in the records of the court; and it is further

**161411/2019   TRAVELERS PROPERTY vs. VEMA GROUP, LLC**
**Motion No.  012 013**

**Page 6 of 7**

[* 6]

ORDERED that such upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

Future Note of Issue Deadline: April 30, 2025.

_____
**1/8/2025**
**DATE**

_____
**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**161411/2019   TRAVELERS PROPERTY vs. VEMA GROUP, LLC**
**Motion No.  012 013**

Page 7 of 7